## CITY OF HOUSTON v. KITTRELL.
### (No. 8570.)

(Court of Civil Appeals of Texas. Galveston.
June 24, 1924.)

**Appeal and error ⚖︎773(3)—Appeal not dismissed for failure to file briefs according to stipulation of counsel.**

An appeal would not be dismissed for appellant's failure to file briefs 30 days before submission of cause, as agreed on by counsel, where no motion to dismiss was filed until day on which cause was set for submission, and until appellant had filed his brief, and briefs probably presented errors.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Norman G. Kittrell, Jr., receiver, against the City of Houston. Judgment for plaintiff, and defendant appeals. On motion to dismiss appeal. Motion denied.

Sewall Myer and W. Ray Scruggs, both of Houston, for appellant.

LANE, J. This suit was instituted on the 23d day of October, 1913, by Norman G. Kittrell, Jr., receiver for the properties belonging to the estate of A. C. and Margaret E. Allen, against the city of Houston, to recover title and possession of a strip of land situated in the city of Houston, a part of which is covered by the Main street viaduct crossing Buffalo Bayou in said city. The plaintiff also alleged and prayed for damages, but as judgment was awarded for the land only, and nothing involving the suit for damages is presented by this appeal, we shall not further refer to such matter.

The plaintiff alleged the ownership of the land involved as being by record title, and also title by limitation of three, five, and ten years. Defendant, city of Houston, answered by general demurrer, general denial, and plea of not guilty. The cause was tried before a jury on the 22d day of March, 1923, and after all the evidence had been introduced the court instructed the jury to return a verdict for plaintiff for the land sued for. Such verdict was returned, and judgment was accordingly rendered, and from such judgment the city of Houston has appealed.

This appeal was perfected on the 27th day of March, 1923, and the record was filed in this court on the 4th day of October of the same year. After the appeal was perfected, and before the record was filed in this court, the following written agreement was entered into between the parties:

"No. ——. In the Court of Civil Appeals, First Supreme Judicial District, at Galveston. City of Houston, Appellant, v. Norman G. Kittrell, Jr., Appellee. Appealed from the Eleventh Judicial District Court of Harris County, Texas. It is agreed by and between the appellant and appellee in the above-entitled cause that neither party shall be required to file briefs in the lower court, and that the appellant shall prepare and tender to the appellee a copy of the brief to be filed by it, at least 30 days before the submission of the above entitled and numbered cause, and that either party may file their brief in the Court of Civil Appeals at any time before the submission of the cause. Witness our hands at Houston, Texas, June 26, A. D. 1923. Sewall Myer, W. Ray Scruggs, Attorneys for Appellant. Atkinson & Atkinson, A. C. Allen, H. H. Cooper, Attorneys for Appellee."

The cause was set for submission and was in fact submitted in this court on the 15th day of May, 1924. No brief had been filed for appellant, the city of Houston, prior to said submission day, nor had a copy of its brief been given to plaintiff or his counsel, but on said day appellant filed its brief in this court, and at the same time filed a motion to reset the submission of the appeal to a later date, for reasons set out in said motion. Immediately after the filing of the aforesaid brief and motion by appellant, appellee filed and presented to this court his motion to strike out the brief filed by appellant, to affirm the judgment, or to dismiss the cause for want of prosecution.

While the excuses offered by counsel for appellant for their failure to prepare and furnish to counsel for appellee briefs for appellant within the time agreed upon by counsel for both parties, which was at least 30 days before the submission of the cause, are not at all satisfactory, still, in view of the fact that no motion was filed by appellee to dismiss the cause for want of prosecution until the day on which the cause was set for submission, and not until appellant had filed his brief in this court, although the record had been on file in this court for many months, and in view of the further fact that the cause has been submitted, and we have examined the record on file in connection with the briefs of appellant, and have reached the conclusion that the briefs probably present errors, we do not feel inclined to apply so drastic a rule as to dismiss the appeal. It is therefore ordered that the motion of appellee to strike out the briefs of appellant be and the same is refused, and the submission of the case heretofore entered is set aside, and the cause is reset for submission for the 9th day of October, 1924, to the end that appellee may have sufficient

---

⚖︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

time in which to prepare and file his briefs in the cause.

It is further ordered that all costs incurred in or incident to or growing out of the motion of appellant to file briefs and the motion of appellee to strike out such briefs be taxed against appellant.